Daniel, Judge,
 

 after stating the case, proceeded as follows:
 

 What would be our opinion, if the evidence had amounted to an acknowledgement of a subsisting debt by the defendant’s intestate, and the action had been brought on that acknowledgement, instead of the original contract, we are not called on to say. But it is sufficient in.the present case, to say, that the action is not founded on any subsequent acknowledgement of indebtedness, or promise to pay, or to settle a debt by the defendant’s intestate, but it is brought on the original contract. The action of debt being founded on the original contract, the plea of the act of limitations is a bar. The replication, that the defendant’s intestate promised to pay the debt within three years next before the time of suing out the writ, is not good. In actions of assumpsit, where the plaintiff replies to a plea of the statute of limitations, a promise made by the defendant within-three years next before suing out the writ, the action is now said to be on the new- promise, and the recovery is effected on that, and not on the original promise
 
 ;
 
 and the moral obligation resting on the defendant to pay the old debt, is the consideration to support the action on the new promise. However the law may be on this question, we give no opinion, namely, whether in assumpsit,, the recovery is on the new promise, or whether the new promise removes the statute, and the recovery is had on the original promise. In the case of
 
 JH’Court
 
 v. Cross, (11
 
 Eng. C. L. Rep.
 
 124,)
 
 Best,
 
 C. J. commenting on the
 
 *404
 
 statute 21
 
 Jas.
 
 1, observes, that the “ statute says, that actions on the case, account, trespass, debt, detinue and replevin, shall be brought within six years after the cause of action, and not after. In all of them, except assumpsit, the six years commences from the moment there is a cause of action, and that time cannot be enlarged by any acknowledgment. But in assumpsit, it has been holden, that although six have elapsed since the debt was contracted, if the debtor promises to pay it within six years, he cannot avail himself of this statute . — because this promise, founded on a moral consideration, is a new cause of action.” The same learned judge then proceeds .and remarks, that
 
 in
 
 assumpsit,
 
 the
 
 plaintiff should declare on the new promise, for the .old one was barred by the statute. According to this authority, it is evident that the judge below was mistaken in informing the jury that a new promise or acknowl-edgement of the debt, would take this case out of the act of
 
 limitations;
 
 this action is not brought on the debt arising under the new promise
 
 ;
 
 but it is brought on the original contract; and the action on that was barred by the act of limitations, at the time the writ was issued. We think the judgment must be reversed, and a new trial granted.
 

 Per Curiam — Judgment reversed.